IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER STORTZ,<br><br>    Plaintiff,<br><br>v.<br><br>CHEROKEE INSURANCE COMPANY; CENTRAL TRANSPORT LLC; AND CENTRAL TRANSPORT LLC WELFARE BENEFIT PLAN,<br><br>    Defendants. | Civil Action No. 5:16-cv-00200 |

## **CONSENT JUDGMENT AND ORDER**

  Plaintiff, Christopher Stortz ("Plaintiff"), has filed a Complaint in the above-captioned action (the "Action") against Defendants Cherokee Insurance Company ("Cherokee"), Central Transport LLC ("Central Transport"), and Central Transport LLC Welfare Benefit Plan (the "Plan") (collectively the "Defendants"). Plaintiff and Defendants have agreed to resolve all matters in controversy in this Action and any proceedings related thereto except for (i) the amount of attorneys' fees and costs to which Plaintiff is entitled under Section 502(g)(1), 29 U.S.C. § 1132(g)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and (ii) if Plaintiff seeks an award of prejudgment and post-judgment interest on the amount of the benefit claims from his hospitalization as referenced in paragraph I below, whether Plaintiff is entitled to such an award. Plaintiff and Defendants now consent to entry of a Judgment and Order by this Court in accordance herewith as follows:

  A. This Court has subject matter jurisdiction of this Action pursuant to ERISA, Section 502(e)(1), 29 U.S.C. §1132(e)(1) because Plaintiff is seeking benefits and other relief under an employee welfare benefit plan and under 28 U.S.C. §1331 because the matter arises

1

under the laws of the United States. Venue is appropriate under ERISA, Section 502(e)(2), 29 U.S.C. §1132(e)(2).

B. The Plan is an employee welfare benefit plan sponsored by Central Transport and governed by ERISA. Cherokee fully insures the group health benefits provided through the Plan. Central Transport is the "administrator" of the Plan, as that term is defined under ERISA §3(16), 29 U.S.C. §1102(16). As Plan Administrator of the Plan, Central Transport is a fiduciary of the Plan as defined in ERISA §3(21), 29 U.S.C. §1002(21).

C. Cherokee makes benefits determinations under the Plan and is therefore a fiduciary of the Plan, as defined in ERISA §3(21), 29 U.S.C. §1002(21), with respect to that activity.

D. In 2014, Plaintiff was a participant in the Plan. He submitted benefit claims to Cherokee arising from his hospitalization and treatment in November 2014. Cherokee paid some of the claims, but it also denied some of the benefit claims. Plaintiff appealed the denied claims and Cherokee upheld its decision. Plaintiff exhausted his Plan administrative remedies.

E. After Plaintiff exhausted his Plan administrative remedies, Defendants did not provide Plaintiff with the opportunity for an external review of his denied claims, as required by ERISA.

F. In his Complaint, Plaintiff's first claim for relief sought group health benefits under the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

G. Plaintiff's second and third claims for relief alleged that the Plan contained no provision providing for an external review of group health claims by an external review organization ("ERO") as required by ERISA and applicable regulation(s), that he and other Plan participants were not provided required notices concerning external review rights, and that he

and other Plan participants were not provided an opportunity for external review by an ERO, seeking relief for breach of fiduciary duty under ERISA Sections 502(a)(2), 29 U.S.C. § 1132(a)(2), and 502(a)(3), 29 U.S.C. § 1132(a)(3) against Central Transport as the Plan administrator and a fiduciary, and against Cherokee as a fiduciary.

H. Plaintiff's fourth claim for relief pled a claim for attorneys' fees under ERISA § 502(g), 29 U.S.C. § 1132(g) against all Defendants.

I. After service of the Summons and Complaint, Cherokee offered an external review of the denied claims by an ERO and Plaintiff agreed. The Court granted the parties' joint motion and stayed the matter pending the ERO review. (Dkt. No. 12.) The ERO concluded that the claims arising from Plaintiff's hospitalization in November 2014 were payable under the Plan. As a result of this determination by the ERO, Cherokee admits that Plaintiff is entitled to benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) for the benefit claims Plaintiff submitted to Cherokee arising from his hospitalization and treatment in November 2014 (i.e., those claims submitted to the ERO). Cherokee represents to the Court and Plaintiff that it has paid all the outstanding claims from Plaintiff's hospitalization.

J. As a result of Plaintiff's Action, the Plan documents were amended effective November 1, 2017 to address external review rights in accordance with ERISA and applicable regulation(s) and to provide further information regarding the benefit claim process.

K. Central Transport admits that prior to Plaintiff's institution of the Action, it did not amend its Plan documents to reference external review rights of Plan participants and beneficiaries. Central Transport admits that it should have amended its Plan documents in March of 2010 to reference external review rights of participants and beneficiaries. Central Transport admits that in failing to do so, it breached its fiduciary duty under ERISA.

L. Cherokee admits that prior to Plaintiff's institution of the Action, it did not provide Plan participants and beneficiaries with the opportunity for an external review. Central Transport and Cherokee admit that Cherokee should have provided Plan participants and beneficiaries in March 2010 and moving forward, with notice and an opportunity for external review. Central Transport and Cherokee admit that in failing to do so, they breached their fiduciary duty under ERISA.

M. As a result of Plaintiff's institution of the Action, and Central Transport's subsequent amendment of the Plan and Cherokee's subsequent amendment of its procedures to comply with required external review requirements, all 1,928 employee participants in the Plan as of 2017 will now have access to an external review for any denied health care claims under the Plan. Therefore, Plaintiff's institution and prosecution of this Action has benefitted all current participants of the Plan, in that they will be able to readily exercise their right to external review of any future group health claims that are denied by Cherokee during the internal claim review process.

N. This Order represents a complete resolution of all Plaintiff's claims asserted in this Action against Defendants with the exception of (i) the amount of reasonable attorneys' fees and costs to which Plaintiff is entitled under ERISA § 502(g)(1), and (ii) if Plaintiff seeks an award of prejudgment and post-judgment interest on the amount of the benefit claims from his hospitalization as referenced in paragraph I above, whether Plaintiff is entitled to such an award. This Order is not binding upon any other individual or entity and only resolves claims arising out of this Action as between Plaintiff and Defendants.

O. Plaintiff and Defendants consent to the entry of this Order as a full and complete resolution of all claims and issues that were, or might have been, alleged in this Action. Plaintiff

and Defendants agree that the only issues remaining for adjudication by the Court are (i) the amount of attorneys' fees and costs due Plaintiff, and (ii) if Plaintiff seeks an award of prejudgment and post-judgment interest on the amount of the benefit claims from his hospitalization as referenced in paragraph I above, whether Plaintiff would be entitled to such an award.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. Within thirty (30) days following the entry of this Consent Judgment and Order by the Court, Cherokee will seek written verification from the medical providers who treated Plaintiff in November 2014 that no balance remains due to the providers with respect to the claims incurred by Plaintiff and covered by the Plan for his treatment and hospitalization in November 2014 in accordance with Plan terms and applicable PPO discounts. To the extent any unpaid balance remains due the providers who treated Plaintiff in November 2014, Cherokee will indemnify and hold Plaintiff harmless from such unpaid balance due in accordance with Plan terms and applicable PPO discounts.

2. Within thirty (30) day following the entry of this Consent Judgment and Order by the Court, Central Transport and Cherokee will distribute the Plan's summary plan description, as amended and restated effective November 1, 2017, and the Cherokee Insurance Booklet, effective November 1, 2017, to participants in and beneficiaries of the group health benefits provided through the Plan in accordance with applicable U.S. Department of Labor Regulations. Defendants will inform Plaintiff's counsel within thirty (30) days following the entry of this Consent Judgment and Order that they have distributed the Plan's summary plan description, as amended and restated effective November 1, 2017, and the Cherokee Insurance Booklet, effective November 1, 2017, to participants in and beneficiaries of the group health benefits

provided through the Plan in accordance with applicable Department of Labor Regulations, including the method of distribution used.

3. Defendants agree and consent that Plaintiff is entitled to reasonable attorneys' fees and costs under ERISA, Section 502(g)(1), 29 U.S.C. § 1132(g)(1) and in accordance with *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010) and that Plaintiff has met all factors to be entitled to an award of attorneys' fees and costs under *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1029 (4th Cir.1993) against all Defendants joint and severally. The Parties disagree only as to (i) the appropriate amount of attorneys' fees and costs, and (ii) if Plaintiff seeks an award of prejudgment and post-judgment interest on the amount of the benefit claims from his hospitalization as referenced in paragraph I above, whether Plaintiff would be entitled to such an award. Therefore, the only remaining issues for the Court to decide are (i) the appropriate amount of Plaintiff's attorneys' fees and costs to be determined in accordance with applicable legal standards, and (ii) if Plaintiff seeks an award of prejudgment and post-judgment interest on the amount of the benefit claims from his hospitalization as referenced in paragraph I above, whether Plaintiff would be entitled to such an award, to be determined in accordance with applicable legal standards.

4. Within 45 days of entry of this Consent Judgment and Order, Plaintiff will file a petition for fees, interest, and costs. Defendants will submit a response to the petition within 14 days after it is filed. Plaintiff will submit any reply brief within 7 days after Defendants' response brief. Briefing with respect to Plaintiff's petition for fees and cost shall be done in accordance with LCvR 7.1, WDNC.

5. This Consent Judgment and Order resolves all of Plaintiff's claims asserted in this Action against Defendants with the exception of (i) the amount of reasonable attorneys' fees and

costs to which Plaintiff is entitled under ERISA § 502(g)(1), and (ii) if Plaintiff seeks an award of prejudgment and post-judgment interest on the amount of the benefits claims from his hospitalization as referenced in paragraph I above, whether Plaintiff would be entitled to such an award under ERISA §502(g)(1). This Order is not binding upon any other individual or entity and only resolves claims arising out of this Action as between Plaintiff and Defendants.

6. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

7. Any person signing this Consent Judgment and Order on behalf of a party expressly acknowledges and represents that he or she has the authority to sign for and legally bind that party.

8. This Consent Judgment and Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court directs the entry of this Consent Judgment and Order as a final order, except as otherwise provided herein.

IT IS SO ORDERED.

Signed: January 10, 2018

*Graham C. Mullen*
Graham C. Mullen
United States District Judge

*Attorneys for Plaintiff*

/s/ Bryan L. Tyson
N.C. Bar No. 32182
s/ Rachel C. Matesic
N.C. Bar No. 50516
MARCELLINO & TYSON, PLLC
2820 Selwyn Ave., Suite 350
Charlotte, NC 28209
Telephone: 704.919.1519
Facsimile: 980.219.7025
E-mail: bryan@yourncattorney.com
　　　　rachel@yourncattorney.com

*Attorney for Defendants*

/s/ Lia Lesner
N.C. Bar No. 36895
/s/ Vance Drawdy
*Pro hac vice*
OGLETREE, DEAKINS, NASH,
　SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: lia.lesner@ogletreedeakins.com
　　　　vance.drawdy@ogletreedeakins.com

32028339.1